## IN THE SUPERIOR COURT OF DOUGHERTY COUNTY
## STATE OF GEORGIA

CASSANDRA MARSHALL, )
INDIVIDUALLY AND APONDREA )
MARSHALL, INDIVIDUALLY AND AS )
NEXT FRIEND OF CASSANDRA )
MARSHALL, )
           )
          **Plaintiffs,** )
           )
**vs.** )    **CIVIL ACTION NO.**
           )    *09CV 250 5.3*
JYOTIR MEHTA, M.D., LUNG )
DIAGNOSTICS LLC, DEBORAH Z. )
MCCARTHY , MARK N. BURNS, )
M.D., SOUTHWEST GEORGIA PATHO- )
OLOGY,  SOUTHERN HEALTHCARE )
MANAGEMENT, INC., JOHN THOMAS )
DUELGE, M.D., PHOEBE CANCER )
CENTER, PALMYRA PARK HOSPITAL, )
INC. D/B/A PALMYRA MEDICAL )
CENTER, PHOEBE PUTNEY MEMORIAL )
HOSPITAL, INC. and AMERICAN RED )
CROSS, SOUTHEAST DIVISION, )
           )
          **Defendants.** )

*(stamp:* EVONNE S. MULL  DOUGHERTY COUNTY  CLERK OF COURTS  09 SEP 24  PM 1:11  FILED*)*

### SUMMONS

TO :   American Red Cross Blood Services
       c/o J. Randy Edwards, CEO
       9851 Commerce Way, Douglasville, Ga. 30135  (Douglas)

     You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiffs attorney whose name and address is:

| | |
|---|---|
| Scott S. Liberman, Esquire | J. Mills Fleming, Esq. |
| Krupnick, Campbell, Malone, Buser, | Hunter, Maclean, Exley & Dunn, P.C. |
| Slama, Hancock, Liberman & McKee, P.A. | 200 E. Saint Julian Street |
| 700 S.E. 3rd Avenue, Suite 100 | Savannah, GA 31412 |
| Ft. Lauderdale, FL 33316 | |

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **24** day of **Sept.**, 2009

                    EVONNE MULL
                    Clerk of Superior Court
                    DOUGHERTY COUNTY

                    By *Cheryl Hendricks*
                    Clerk/Deputy Clerk

798845-01



EXHIBIT
A

IN THE SUPERIOR COURT OF DOUGHERTY COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CASSANDRA MARSHALL,<br>INDIVIDUALLY AND<br>APONDREA MARSHALL,<br>INDIVIDUALLY AND AS<br>NEXT FRIEND OF CASSANDRA<br>MARSHALL<br><br>        **Plaintiffs,**<br><br>vs.<br><br>JYOTIR MEHTA, M.D., LUNG<br>DIAGNOSTICS LLC, DEBORAH Z.<br>MCCARTHY , MARK N. BURNS, M.D.,<br>SOUTHWEST GEORGIA PATHOLOGY,<br>SOUTHERN HEALTHCARE<br>MANAGEMENT, INC., JOHN THOMAS<br>DUELGE, M.D., PHOEBE CANCER<br>CENTER, PALMYRA PARK HOSPITAL,<br>INC. D/B/A PALMYRA MEDICAL<br>CENTER, PHOEBE PUTNEY MEMORIAL<br>HOSPITAL, INC. and AMERICAN RED<br>CROSS, SOUTHEAST DIVISION<br><br>        **DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.
O9CV2505. 3

[JURY DEMAND]

EVGENE S. MULL
DOUGHERTY COUNTY
CLERK OF COURTS
09 SEP 24  PM 1: 11

## COMPLAINT

    NOW COME Plaintiffs, Cassandra Marshall, Individually and Apondrea

Marshall, Individually and as Next Friend of Cassandra Marshall, and file this complaint

for damages against the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC,

Deborah Z. McCarthy, Mark N Burns, M.D., Southwest Georgia Pathology, Southern

Healthcare Management, Inc., John Thomas Duelge, M D , Phoebe Cancer Center,

Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial

- 1 -

Hospital, Inc, and American Red Cross, Southeast Division, by showing this Honorable Court as follows:

## I.

### PARTIES PLAINTIFFS

1. The Plaintiffs, Cassandra Marshall and Apondrea Marshall, are lawfully married and are residents of Colquitt County, Georgia.

## II.

### PARTIES DEFENDANTS

2. The Defendant, Jyotir Mehta, M.D., is a resident of Albany, Georgia, in Lee County, and at all times mentioned herein held himself out to the general public and, in particular, to the Plaintiff, Cassandra Marshall, as being a medical doctor competent to properly diagnose, treat and care for patients

3. At all times mentioned in this Complaint, Jyotir Mehta, M.D., was an employee, agent or apparent agent of Lung Diagnostics LLC and/or Phoebe Putney Memorial Hospital, Inc. / Lung Diagnostics, LLC maintains its principal office in Albany, Georgia and can be served through its registered agent, William D Moorhead, III, PC at 314 Residence Avenue, Albany, Dougherty County, Georgia 31701

4. Both Dr. Mehta and his practice have been properly served with this Complaint.

5. The Defendant, Deborah Z. McCarthy, is a resident of Albany, Georgia, in Dougherty County, and at all times mentioned herein held herself out to the general public as the Director of the lab at Phoebe Putney Memorial Hospital, Inc

- 2 -

6.    At all times mentioned in this Complaint, Deborah Z McCarthy, was an employee, agent or apparent agent of Phoebe Putney Memorial Hospital, Inc, which maintains its principal office in Albany, Dougherty County, Georgia Phoebe Putney Memorial Hospital, Inc can be served through its registered agent, Thomas S Chambless at 417 W. Third Avenue, Albany, Dougherty County, Georgia 31701.

7.    Both Ms McCarthy and Phoebe Putney Memorial Hospital, Inc. have been properly served with this Complaint.

8    The Defendant, Mark N. Burns, M D., is a resident of Albany, Georgia, in Dougherty County, and at all times mentioned herein held himself out to the general public as being a medical doctor with a specialty in pathology

9.    At all times mentioned in this Complaint, Mark N. Burns, M D , was an employee, agent or apparent agent of Southwest Georgia Pathology, Southern Healthcare Management, Inc. and/or Phoebe Putney Memorial Hospital, Inc., which maintains its principal office in Albany, Dougherty County, Georgia

10    Southwest Georgia Pathology's principal place of business is located in Albany, Georgia and it can be served through Dr. Mark Burns, as its registered agent at 1010 N. Madison Street, Albany, Dougherty County, Georgia 31701    Southern Healthcare Management, Inc , has its principal place of business in Albany, Georgia and can be served through its registered agent, Russell P. Love, at 245 Peachtree Center Avenue, Atlanta, Fulton County, Georgia 31706

11    Dr Burns and his practices have been properly served with this Complaint.

12    The Defendant, John Thomas Duelge, M D., is a resident of Venice, Florida, in Sarasota County, and at all times mentioned herein held himself out to the

- 3 -

general public, as being a medical doctor with a specialty in hematology/oncology. Dr Duelge can be served at his residence in Florida.

13.    At all times mentioned in this Complaint, John Thomas Duelge, M.D., was an employee, agent or apparent agent of Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, and/or Phoebe Putney Memorial Hospital, Inc., all of which are located in Albany, Dougherty County, Georgia.

14.    Dr. Duelge and his former employer have been properly served with this Complaint.

15.    Phoebe Putney Memorial Hospital, Inc. maintains The Defendant, Phoebe Putney Memorial Hospital, Inc. is a corporation organized and existing under the laws of the State of Georgia. It is registered to do business in the State of Georgia and is engaged in the business of owning and/or operating a medical hospital in the City of Albany, Dougherty County, Georgia. Its principal place of business is in Albany, Dougherty County, Georgia.

16.    Phoebe Putney Memorial Hospital, Inc. at all times herein represented that its hospital has the proper equipment, supplies and staff to competently care for patients such as Cassandra Marshall.

17.    The Defendant, American Red Cross, Southeast Division, is a corporation organized and existing under the laws of the State of Georgia. It is registered to do business in the State of Georgia and is engaged in the business of *inter alia*, testing, examining and cross-matching blood samples sent to it from healthcare facilities throughout the region, and providing blood products to such medical facilities for use by patients in need of such products. The American Red Cross, Southeast Division,

- 4 -

maintains its principal place of business in Douglasville, Douglas County, Georgia. It may be served through its registered agent, J Randy Edwards, CEO in Douglasville, Georgia

18    American Red Cross, Southeast Division, has been properly served with this Complaint.

19.    Defendants are joint tortfeasors, such that venue which is proper to one Defendant, is proper to all Defendants

## III.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction of the parties and over the subject matter of this case, and the venue of this action properly lies within Dougherty County, State of Georgia

## IV.

## EVENTS AND FACTS SUPPORTING CAUSE OF ACTION

21    Plaintiff, Cassandra Marshall, was admitted to Phoebe Putney Memorial Hospital, Inc. (hereinafter "PHOEBE") on or about October 19, 2007 for a "sickle cell crisis/veno-occlusive crisis" with "acute chest syndrome" (versus pneumonia), and received an exchange blood transfusion on or about October 22, 2007 when her oxygen saturation was 99-100%.

22    On or about March 7, 2008, the Plaintiff, Cassandra Marshall, presented to the Colquitt Regional Medical Center with a severe sickle cell crisis which was unresponsive to narcotics and caused the patient to moan and writhe in pain.

798879-01

23   On or about March 8, 2008, physicians at Colquitt Regional Medical Center, decided that Plaintiff, Cassandra Marshall should be transferred to PHOEBE, which has hematology support.

24.   On or about March 8, 2008, Plaintiff, Cassandra Marshall, was transported by EMS to PHOEBE due to "clinical deterioration."

25.   During EMS transport, Plaintiff, Cassandra Marshall, was placed on oxygen, 2L/min by nasal cannula, and was reported to have clear lungs and an oxygen saturation of 96-97%.

26   On or about March 8, 2008, at approximately 05:10 a.m., the Plaintiff, Cassandra Marshall, presented to PHOEBE and was admitted by Thomas Ungarino, M.D., but was quickly transferred to the service of Jyotir Mehta, M.D.

27   The Plaintiff, Cassandra Marshall, complained of back pain, leg pain and pain all over, complicated by nausea and vomiting. Jyotir Mehta, M.D., at approximately 09:18 a.m., diagnosed Plaintiff, Cassandra Marshall, as suffering from a sickle cell crisis with vaso-occlusive crisis and a history of acute chest syndrome.

28.   On or about March 8, 2008, a CT scan of the brain was performed which revealed no intracranial hemorrhage and no acute CVA.

29   On or about March 8, 2008, a chest X-Ray was performed which showed bilateral infiltrates and atelectasis.

30.   On or about March 8, 2008, Jyotir Mehta, M.D. ordered a hematology/oncology consultation at approximately 2:00 p.m.

31.   On or about March 9, 2008, the Plaintiff was seen by the hematologist, John Duelge, M.D., (hereinafter "DR. DUELGE") on or about 7:00 p.m., who ordered the

- 6 -

transfer of Plaintiff "to unit" and ordered PHOEBE to type and cross-match 4 units of phenotypically matched packed red blood cells, but did not order a transfusion.

32.    On or about March 9, 2008, at approximately 7:50 p.m., the Plaintiff, Cassandra Marshall, was on 50% oxygen by face mask, and her oxygen saturation was recorded as 86% with respiratory rate from 25 to 30 and by 9:00 p.m., the Plaintiff, Cassandra Marshall, was lethargic.

33.    Tests performed on Plaintiff, Cassandra Marshall, through March 9, 2008, indicated a severe anemia and abnormal chest x-ray, as well as reduced oxygen saturation.

34.    Jyotir Mehta, M.D. did not communicate with the hematologist on March 9, 2008, about the necessity of performing an exchange transfusion on that day

35.    On or about March 10, 2008, DR. DUELGE examined the Plaintiff, Cassandra Marshall, and ordered a red cell exchange "today." This order was not a "stat" order.

36.    Within the first hour of the day on March 10, 2008, the lab at PHOEBE cross-matched Plaintiff, Cassandra Marshall's blood and concluded they needed assistance from the regional blood center.

37.    On or about March 10, 2008, at approximately 4:43 a.m., the lab at PHOEBE contacted the blood bank operated by the American Red Cross, Southeast Division, in Douglasville, Georgia, regarding Plaintiff, Cassandra Marshall, and requested a cross-match be done "ASAP" rather than "STAT."

38.     The definition of "ASAP", according to the American Red Cross, Southeast Division, was *"non-emergent situations where a shortened turn around time would be beneficial (example: low hemoglobin)."*

39.     The definition of "STAT" is expressly defined by the American Red Cross, Southeast Division, as *"the status of the patient is extremely unstable. This is an urgent request (example: actively bleeding patient)."*

40.     On or about March 10, 2008, the lab for American Red Cross, Southeast Division, cross-matched the blood sent to it for compatibility with the Plaintiff, Cassandra Marshall, and supplied PHOEBE with the requested blood products.

41.     On or about March 11, 2008, at 7:30 a.m., nurse's notes indicate that the blood was coming from Atlanta, so the exchange transfusion had not occurred yet.

42      On or about March 11, 2008, Jyotir Mehta, M.D. noted that he was waiting for blood to come from Atlanta for the exchange transfusion and the plan was to do the transfusion "today."

43      On or about March 11, 2008, at or about 8:45 a.m., DR. DUELGE, who had not ordered the blood exchange on a "stat basis" expressed the importance of the blood exchange for the Plaintiff, Cassandra Marshall, but was advised that an exchange would not be possible that day.

44      On or about March 11, 2008, at approximately 10:00 a.m., PHOEBE's records indicate that the blood bank called and indicated "blood should be available around noon."

45      On or about March 11, 2008, also at approximately 10:00 a.m., DR. DUELGE wrote an order to expedite the blood for red cell exchange (6 units)

- 8 -

46    On or about March 11, 2008, by about 12:00 p.m., Plaintiff, Cassandra Marshall's oxygen saturation was down to 88% on 50% vent.

47.    PHOEBE received the cross-matched blood from the American Red Cross, Southeast Division, by March 11, 2008 at approximately 2:40 p.m. and then began its testing of the blood

48.    On or about March 11, 2008, at approximately 4:30 p.m., PHOEBE's records indicate that the Stem Cell team indicated the blood would not be transfused this day.

49.    On or about March 11, 2008, between 7:00 p.m. and 7:30 p.m., the Plaintiff, Cassandra Marshall, became sluggish, obtunded and no longer responded to commands.

50    On or about March 11, 2008, at approximately 10:28 p.m., a Brain MRI report reflected the history that Plaintiff, Cassandra Marshall, was in severe respiratory distress  The report indicated a diagnosis of a stroke ("acute lacunar infarcts").

51    During the first few minutes of March 12, 2008, the Plaintiff, Cassandra Marshall, was intubated.

52.    On or about March 12, 2008, at approximately 7:50 a.m., nurse's notes indicate that Jyotir Mehta, M.D. was told of blood exchange transfusion plans "this a.m."

53.    On or about March 12, 2008, at or about 8:34 a.m., PHOEBE's laboratory was still performing testing on the cross-matched blood provided by the Atlanta Blood Bank

- 9 -

54.    On or about March 12, 2008, at approximately 2:00 p.m., the blood exchange transfusion began.   At this time, Plaintiff, Cassandra Marshall, followed no commands, moved no extremities, and showed signs of posturing to the left.

55.    The intubated Plaintiff, Cassandra Marshall, was eventually extubated and transferred to a neurological rehabilitation facility for continued care and treatment.

56.    At all times material hereto, the Plaintiff, Cassandra Marshall, has suffered severe and permanent brain damage.

57.    Defendant, Jyotir Mehta, M.D., failed to adhere to the standard of care generally employed by the medical profession under similar or like circumstances in his medical treatment of Plaintiff, Cassandra Marshall by:

       A    Failing to recognize the seriousness of her clinical presentation; and/or

       B.    Failing to recognize the need to expedite the receipt of blood products; and/or

       C.    Failing to recognize the need to expedite the exchange transfusion prior to the occurrence of a stroke; and/or

       D.    Failing to have the exchange transfusion done in a timely manner.

58.    These above-described breaches of the standard of care by Jyotir Mehta, M.D. and Lung Diagnostics LLC and/or Phoebe Putney Memorial Hospital, Inc., his employer(s), substantially caused or contributed to Plaintiff, Cassandra Marshall, suffering a stroke and resulting brain damage.

798879-01

59.   As a result of the actions and/or failures to act of Defendant, Jyotir Mehta, M.D., and Lung Diagnostics LLC, Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

60.   The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "A", sets forth at least one negligent act against Defendant, Jyotir Mehta, M.D.

61.   Defendant, JOHN THOMAS DUELGE, M.D. failed to adhere to the standard of care generally employed by the medical profession under similar or like circumstances in his medical treatment of Plaintiff, Cassandra Marshall, by, among other things:

> A.   Failing to recognize the seriousness of her clinical presentation; and/or
>
> B.   Failing to order blood products "stat"; and/or
>
> C.   Failure to order the exchange transfusion as an emergent or "stat"; and/or
>
> D.   Failing to have the exchange transfusion done in a timely manner.

62.   These above-described breaches of the standard of care by John Thomas Duelge, M.D. and of Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, and/or Phoebe Putney Memorial Hospital, Inc., his employer, substantially caused or contributed to Plaintiff, Cassandra Marshall suffering a stroke and resulting brain damage.

63.   As a result of the actions and/or failures to act of Defendant, John Thomas Duelge, M.D., Phoebe Cancer Center and Palmyra Park Hospital, Inc. d/b/a Palmyra

- 11 -

Medical Center, Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

64.     The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "B", sets forth at least one negligent act against Defendant, John Thomas Duelge, M.D.

65.     The Defendant lab director, Deborah Z. McCarthy, failed to adhere to the standard of care generally employed by the medical profession under similar or like circumstances in her medical treatment of Plaintiff, Cassandra Marshall, by, among other things:

> A.      Failing to promptly cross-match Plaintiff, Cassandra Marshall's blood; and/or
>
> B       Failing to obtain the necessary blood products on an emergent/stat basis; and/or
>
> C       Failing to expedite the testing and use of blood products received from the American Red Cross.

66.     These above-described breaches of the standard of care by Deborah Z. McCarthy and Phoebe Putney Memorial Hospital, Inc., her employer, substantially caused or contributed to Plaintiff, Cassandra Marshall, suffering a stroke and resulting brain damage.

67      As a result of the actions and/or failures to act of Defendant, Deborah Z. McCarthy, Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

68.     The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "C", sets forth at least one negligent act against Defendant, Deborah Z. McCarthy.

- 12 -

69.    The Defendant, Mark N. Burns, M.D., failed to adhere to the standard of care generally employed by the medical profession under similar or like circumstances in his medical treatment of Plaintiff, Cassandra Marshall, by, among other things:

        A     Failing to promptly cross-match Plaintiff, Cassandra Marshall's blood; and/or

        B     Failing to obtain the needed blood products on an emergent/stat basis; and/or

        C     Failing to expedite the testing/processing of the blood when received from the American Red Cross.

70.    These above-described breaches of the standard of care by Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc. and/or Phoebe Putney Memorial Hospital, Inc., his employer, substantially caused or contributed to Plaintiff, Cassandra Marshall, suffering a stroke and resulting brain damage.

71.    As a result of the actions and/or failures to act of Defendant, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc. and/or Phoebe Putney Memorial Hospital, Inc., Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

72.    The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "D", sets forth at least one negligent act against Defendant, Mark N. Burns, M.D.

73.    The agents, apparent agents, representatives and/or employees, of Phoebe Putney Memorial Hospital, Inc., who cared for Plaintiff, Cassandra Marshall, breached the appropriate standard of care applicable to health care providers under similar or like

- 13 -

circumstances in their medical care and treatment of Plaintiff, Cassandra Marshall, by, among other things:

A. Failing to recognize the seriousness of her clinical presentation; and/or

B. Failing to expedite the cross-matching of blood needed; and/or

C. Failing to expedite the acquisition of blood products and performance of a transfusion; and/or

D. Failing to timely test and process the blood products to be used by the patient; and/or

E. Failing to have the exchange transfusion done in a timely manner.

74. The above described breaches of the standard of care by the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc d/b/a Palmyra Medical Center and Phoebe Putney Memorial Hospital, Inc., substantially caused or contributed to Plaintiff, Cassandra Marshall, suffering a stroke and resulting brain damage.

75. As a result of the actions and/or failures to act of Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc d/b/a Palmyra Medical Center and Phoebe Putney Memorial Hospital, Inc., Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

- 14 -

798879-01

76     The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "E", sets forth at least one negligent act against Defendant, Phoebe Putney Memorial Hospital, Inc., for the actions of these physicians.

77     The Defendant, American Red Cross, Southeast Division, failed to adhere to the standard of care generally employed by the medical profession under similar or like circumstances in its medical treatment of Plaintiff, Cassandra Marshall, by, among other things:

> A.     Failing to timely cross-match and process blood needed for transfusion; and/or
>
> B.     Failing to timely deliver the blood products to Phoebe Putney Memorial Hospital, Inc.

78     These above-described breaches of the standard of care by the American Red Cross, Southeast Division, substantially caused or contributed to Plaintiff, Cassandra Marshall, suffering a stroke and resulting brain damage.

79.    The Affidavit of Edward L. Snyder, M.D., attached hereto as Exhibit "F", sets forth at least one negligent act against Defendant, American Red Cross, Southeast Division, for the actions of these physicians.

80     As a result of the actions and/or failures to act of Defendant, American Red Cross, Southeast Division, Plaintiff, Cassandra Marshall, suffers from severe and permanent brain damage.

798879 01

81.   Pursuant   to   O.C.G.A.   §9-11-9.2,   Plaintiffs,   Cassandra   Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, attach hereto the medical authorizations executed by Apondrea Marshall, as lawful Spouse of Cassandra Marshall, which permits the attorneys representing the Defendants in this action to obtain Plaintiff, Cassandra Marshall's medical records. (See Authorization for Medical and Hospital Information attached hereto as Exhibit "G")

V.

**DAMAGES**

82.   By reason of the aforesaid facts and negligent acts of the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, and the premises herein, which constitute medical negligence, the Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, are entitled to recover from the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, Special Damages for, among other things, lost wages, lost ability to labor and medical expenses, in an amount to be shown to a Jury.

- 16 -

798879-01

83.   That by reason of the aforesaid facts and negligent acts of the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, and the premises herein, which constitute medical negligence, the Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, are entitled to recover from the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, General Damages for excruciating mental and physical Pain and Suffering and loss of enjoyment of life endured by Plaintiff, Cassandra Marshall, and loss of companionship, love and affection, also known as loss consortium sustained by her husband, Apondrea Marshall, in an amount to be determined by a Jury.

84.   That the Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, seek a Verdict and Judgment for Damages against the Defendants,  Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, on each and all of

- 17 -

the claims against the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, as set forth herein in an amount in excess of $10,000.00

85.   The Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, further allege that O.C.G.A. §51-13-1 limiting the amount of non-economic damages in Medical Malpractice actions violates the Constitution of the United States of America and the Constitution of the State of Georgia as it fails to provide Due Process and Equal Protection under the laws to victims of Medical Malpractice and does not provide for full and adequate compensation to Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, herein or other similarly situated Plaintiffs

## **PRAYER**

WHEREFORE, the Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, pray:

A    That Summons and Process be issued on this Complaint, as required by law, to be served on Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center,

- 18 -

Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, along with a copy of the Complaint, as provided by law, allowing these Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, to file an Answer to this Complaint, in the terms of law; and/or

B.   That the issues herein be tried by a Jury; and/or

C.   That the Plaintiffs, Cassandra Marshall, Individually and Apondrea Marshall, Individually and as Next Friend of Cassandra Marshall, have Judgment in an amount to be determined by a Jury on their claims for Special and General Damages against the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, as set forth in this Complaint; and/or

D.   That the Plaintiffs, Cassandra Marshall, Individually and Apondrea

- 19 -

Marshall, Individually and as Next Friend of Cassandra Marshall, have a Judgment against the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division, in an amount in excess of $10,000.00 as set forth in this Complaint and as shown at the trial of this case; and/or

E.   That all the Costs of Court be taxed against the Defendants, Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Park Hospital, Inc. d/b/a Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc. and American Red Cross, Southeast Division

[SIGNATURES CONTAINED ON FOLLOWING PAGE]

- 20 -

798879-01

This 21st day of September, 2009.

COUNSEL FOR PLAINTIFFS

By: _____
Scott S. Liberman, Esquire
Florida Bar No. 850780

Krupnick, Campbell, Malone, Buser,
Slama, Hancock, Liberman & McKee, P.A.
700 S.E. 3rd Avenue – Suite 100
Fort Lauderdale, FL 33316
Phone: 954-763-8181

By: _____
T. Mills Fleming, Esquire
Georgia Bar No. 263560

Hunter, Maclean, Exley & Dunn, P.C.
200 E. Saint Julian Street
Savannah, GA 31412
Phone: 912-236-0261

- 20 -

793014-02

STATE OF CONNETICUTT)
                    )
COUNTY OF NEW HAVEN)

<u>AFFIDAVIT OF EDWARD L. SNYDER, M.D.</u>

COMES NOW, EDWARD L SNYDER, M D., who after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1

I am over the age of 18 and give this Affidavit of my own personal knowledge

2

I am a physician licensed to practice medicine in the State of Connecticut and was so licensed at the time at which the negligent acts or omissions described herein occurred. I am certified by the American Board of Medical Examiners, the American Board of Internal Medicine with a subspecialty in Hematology and the American Board of Pathology with a Diplomate in Blood Banking/ Transfusion Medicine. A true and correct copy of my curriculum vitae is attached hereto.

3.

I have reviewed copies of the following medical records in relation to the medical care and treatment received by Cassandra Marshall:

<u>Medical Records:</u>

A)   Phoebe Putney Memorial Hospital admission from 10/19/07 through 10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)   Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)   Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08



**EXHIBIT**
A

Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall was admitted to Phoebe Putney Memorial Hospital through the emergency room under the care of attending physician Jyotir Mehta, M.D , with the chief complaint of back pain, leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis. On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78, respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula. She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and atelectasis. She is admitted under the care of Jyotir Mehta, M.D., (Critical Care / Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an order to type and crossmatch 4 units of packed red blood cells is written. On 3/10/08, John Thos Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for red cell exchange "today". On 3/11/08 at 08:45, Dr. Duelge spoke to the blood bank regarding the importance of the blood exchange and later that day at 16:30, the blood bank exchange team stated that they will not be able to transfuse on that day because the results were pending. Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra Marshall's medical condition deteriorated and she went into respiratory failure requiring intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32, an MRI of the brain showed an abnormal exam with an overall pattern most suspicious for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis catheter was placed for exchange transfusion and 6 units of red blood cells were started at 2 p m. Cassandra Marshall was eventually extubated and transferred to Shepard's, a neurological rehabilitation facility for continued care and treatment.

4

Through education, training and experience, I am familiar with the standards of care generally employed in the medical field of internal medicine and pathology, in management and evaluation of patients suffering sickle cell crisis

5.

At the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of internal medicine and pathology for at least three of the last five years and was (and still am) knowledgeable about the evaluation, diagnosis, differential diagnosis, possible complications, and treatment, management and evaluation of patients with sickle cell crisis

6.

Based upon my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Jyotir Mehta, M.D., deviated from the appropriate standards of medical care by failing to recognize the seriousness of Cassandra Marshall's clinical presentation and that her clinical presentation required an exchange transfusion to be performed no later than the morning of March 11th, 2008 Jyotir Mehta, M.D., failed to get this treatment to timely occur.

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Jyotir Mehta, M.D., deviated from the appropriate standards of medical care

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage.

9

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein.

10.

This affidavit is given in conformance with O C.G.A. §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case.

FURTHER AFFIANT SAYETH NOT

Edward L. Snyder, M.D.

Sworn to and subscribed
Before me this the
3rd  day of Feb, 2009

NOTARY PUBLIC
My Commission Expires: _____



JANET R. CISKOWSKI
Notary Public
My Comm Expires Aug 31, 2013

STATE OF CONNETICUT )
                           )
COUNTY OF NEW HAVEN)

<u>AFFIDAVIT OF EDWARD L. SNYDER, M.D.</u>

COMES NOW, EDWARD L. SNYDER, M.D., who after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1

I am over the age of 18 and give this Affidavit of my own personal knowledge.

2

I am a physician licensed to practice medicine in the State of Connecticut and was so licensed at the time at which the negligent acts or omissions described herein occurred. I am certified by the American Board of Medical Examiners, the American Board of Internal Medicine with a subspecialty in Hematology and the American Board of Pathology with a Diplomate in Blood Banking/ Transfusion Medicine. A true and correct copy of my curriculum vitae is attached hereto.

3.

I have reviewed copies of the following medical records in relation to the medical care and treatment received by Cassandra Marshall:

<u>Medical Records:</u>

A)     Phoebe Putney Memorial Hospital admission from 10/19/07 through 10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)     Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)     Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08



EXHIBIT

Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall was admitted to Phoebe Putney Memorial Hospital through the emergency room under the care of attending physician Jyotir Mehta, M.D., with the chief complaint of back pain, leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis. On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78, respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula. She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and atelectasis. She is admitted under the care of Jyotir Mehta, M.D., (Critical Care / Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an order to type and crossmatch 4 units of packed red blood cells is written. On 3/10/08, John Thos Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for red cell exchange "today". On 3/11/08 at 08:45, Dr. Duelge spoke to the blood bank regarding the importance of the blood exchange and later that day at 16:30, the blood bank exchange team stated that they will not be able to transfuse on that day because the results were pending. Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra Marshall's medical condition deteriorated and she went into respiratory failure requiring intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32, an MRI of the brain showed an abnormal exam with an overall pattern most suspicious for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis catheter was placed for exchange transfusion and 6 units of red blood cells were started at 2 p.m. Cassandra Marshall was eventually extubated and transferred to Shepard's, a neurological rehabilitation facility for continued care and treatment.

4

Through education, training and experience, I am familiar with the standards of care generally employed in the medical field of internal medicine and pathology, in management and evaluation of patients suffering sickle cell crisis.

5.

At the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of internal medicine and pathology for at least three of the last five years and was (and still am) knowledgeable about the evaluation, diagnosis, differential diagnosis, possible complications, and treatment, management and evaluation of patients with sickle cell crisis

6.

Based upon my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that John Thomas Duelge, M.D., deviated from the appropriate standards of medical care by failing to recognize the seriousness of Cassandra Marshall's clinical presentation and that her clinical presentation required an exchange transfusion to be performed no later than the morning of March 11th, 2008. John Thomas Duelge, M.D., failed to get this treatment to timely occur

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that John Thomas Duelge, M.D., deviated from the appropriate standards of medical care.

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage

9

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology  Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein.

10

This affidavit is given in conformance with O.C.G.A. §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case.

FURTHER AFFIANT SAYETH NOT.


_____ M.D
Edward L. Snyder, M.D


Sworn to and subscribed
Before me this the
_7th_ day of _7_ , 2009

_____
NOTARY PUBLIC
My Commission Expires: _____



JANET R. CISKOWSKI
*Notary Public*
My Comm Expires Aug 31, 2013

STATE OF CONNETICUTT)
                    )
COUNTY OF NEW HAVEN)

## AFFIDAVIT OF EDWARD L. SNYDER, M.D.

COMES NOW, EDWARD L. SNYDER, M.D., who after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1.

I am over the age of 18 and give this Affidavit of my own personal knowledge.

2.

I am a physician licensed to practice medicine in the State of Connecticut and was so licensed at the time at which the negligent acts or omissions described herein occurred. I am certified by the American Board of Medical Examiners, the American Board of Internal Medicine with a subspecialty in Hematology and the American Board of Pathology with a Diplomate in Blood Banking/ Transfusion Medicine. A true and correct copy of my curriculum vitae is attached hereto.

3

I have reviewed copies of the following medical records in relation to the medical care and treatment received by Cassandra Marshall:

Medical Records:

A)   Phoebe Putney Memorial Hospital admission from 10/19/07 through 10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)   Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)   Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08



EXHIBIT
L

Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall was admitted to Phoebe Putney Memorial Hospital through the emergency room under the care of attending physician Jyotir Mehta, M.D., with the chief complaint of back pain, leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis. On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78, respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula. She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and atelectasis. She is admitted under the care of Jyotir Mehta, M.D., (Critical Care / Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an order to type and crossmatch 4 units of packed red blood cells is written. On 3/10/08, John Thomas Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for red cell exchange "today". Deborah McCarthy (Lab Director) failed to execute the red blood cell exchange transfusion as ordered. On 3/11/08 at 08:45, Dr. Duelge spoke to the blood bank regarding the importance of the blood exchange and later that day at 16:30, the staff stated that they will not be able to transfuse on that day because the results were pending Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra Marshall's medical condition deteriorated and she went into respiratory failure requiring intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32, an MRI of the brain showed an abnormal exam with an overall pattern most suspicious for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis catheter was placed for exchange transfusion and 6 units of red blood cells were started at 2 p.m.

Cassandra Marshall was eventually extubated and transferred to Shepard's, a

neurological rehabilitation facility for continued care and treatment

4.

Through education, training and experience, I am familiar with the standards of

care generally employed in the medical field of internal medicine and pathology, in

management and evaluation of patients suffering sickle cell crisis.

5.

At the time at which the negligent acts and omissions described herein occurred, I

had actual professional knowledge and experience in the medical field of internal

medicine and pathology for at least three of the last five years and was (and still am)

knowledgeable about the evaluation, diagnosis, differential diagnosis, possible

complications, and treatment, management and evaluation of patients with sickle cell

crisis

6.

Based upon my review of the above-described medical records, it is my opinion,

within a reasonable degree of medical probability that Deborah Z  McCarthy, Laboratory

Director, as well as hospital staff working in the lab failed to exercise the appropriate

standards of care in the processing of the orders to cross-match and obtain blood for

needed transfusion on an emergency basis. I know the standard of care to be exercised by

a person in the lab regarding the cross-matching, ordering of blood products, and

testing/preparing of blood products to be used by a patient and in this case the time frame

to complete these functions were too long or excessive.

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Deborah Z. McCarthy, Laboratory Director deviated from the appropriate standards of medical care

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage

9.

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology. Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein.

10.

This affidavit is given in conformance with O.C.G.A. §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case

FURTHER AFFIANT SAYETH NOT.

_Edward L. Snyder, MD_

Edward L. Snyder, M.D.

Sworn to and subscribed
Before me this the
_28th_ day of _July_, 2009

_Janet R. Ciskowski_
NOTARY PUBLIC
My Commission Expires: _8/31/13_



JANET R. CISKOWSKI
*Notary Public*
My Comm Expires Aug. 31, 2013

STATE OF CONNETICUTT )
                                    )
COUNTY OF NEW HAVEN )

<u>AFFIDAVIT OF EDWARD L. SNYDER, M.D.</u>

COMES NOW, EDWARD L. SNYDER, M.D., who after being duly sworn

before an officer authorized to administer oaths, deposes and states as follows:

1

I am over the age of 18 and give this Affidavit of my own personal knowledge.

2

I am a physician licensed to practice medicine in the State of Connecticut and was

so licensed at the time at which the negligent acts or omissions described herein occurred.

I am certified by the American Board of Medical Examiners, the American Board of

Internal Medicine with a subspecialty in Hematology and the American Board of

Pathology with a Diplomate in Blood Banking/ Transfusion Medicine. A true and correct

copy of my curriculum vitae is attached hereto.

3.

I have reviewed copies of the following medical records in relation to the medical

care and treatment received by Cassandra Marshall:

<u>Medical Records:</u>

A)    Phoebe Putney Memorial Hospital admission from 10/19/07 through
         10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)    Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)    Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08.



Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall was admitted to Phoebe Putney Memorial Hospital through the emergency room under the care of attending physician Jyotir Mehta, M.D., with the chief complaint of back pain, leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis. On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78, respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula. She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and atelectasis. She is admitted under the care of Jyotir Mehta, M.D., (Critical Care / Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an order to type and crossmatch 4 units of packed red blood cells is written. On 3/10/08, John Thos Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for red cell exchange "today". On 3/11/08 at 08:45, Dr. Duelge spoke to the blood bank regarding the importance of the blood exchange and later that day at 16:30, the blood bank exchange team stated that they will not be able to transfuse on that day because the results were pending. Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra Marshall's medical condition deteriorated and she went into respiratory failure requiring intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32, an MRI of the brain showed an abnormal exam with an overall pattern most suspicious for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis catheter was placed for exchange transfusion and 6 units of red blood cells were started at 2 p.m. Cassandra Marshall was eventually extubated and transferred to Shepard's, a neurological rehabilitation facility for continued care and treatment.

4.

Through education, training and experience, I am familiar with the standards of care generally employed in the medical field of internal medicine and pathology, in management and evaluation of patients suffering sickle cell crisis.

5.

At the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of internal medicine and pathology for at least three of the last five years and was (and still am) knowledgeable about the evaluation, diagnosis, differential diagnosis, possible complications, and treatment, management and evaluation of patients with sickle cell crisis.

6.

Based upon my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Mark N. Burns, M.D., Medical Director, deviated from the appropriate standards of medical care by failing to recognize the seriousness of Cassandra Marshall's clinical presentation and that although her clinical presentation required an exchange transfusion to be performed no later than the morning of March 11th, 2008. Mark N. Burns, M.D., Medical Director, failed to get this treatment to timely occur.

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Mark N. Burns, M.D., Medical Director, deviated from the appropriate standards of medical care.

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage

9.

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology. Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein

10.

This affidavit is given in conformance with O.C.G.A. §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case.

FURTHER AFFIANT SAYETH NOT.


_Edward L. Snyder, M.D._
Edward L. Snyder, M.D.


Sworn to and subscribed
Before me this the
3rd day of Feb, 2009

_Janet R. Ciskowski_
NOTARY PUBLIC
My Commission Expires: _____

JANET R. CISKOWSKI
*Notary Public*
My Comm. Expires Aug. 31, 2013

STATE OF CONNETICUIT)
                    )
COUNTY OF NEW HAVEN)

## AFFIDAVIT OF EDWARD L. SNYDER, M.D.

COMES NOW, EDWARD L. SNYDER, M.D., who after being duly sworn before an officer authorized to administer oaths, deposes and states as follows:

1

I am over the age of 18 and give this Affidavit of my own personal knowledge

2.

I am a physician licensed to practice medicine in the State of Connecticut and was so licensed at the time at which the negligent acts or omissions described herein occurred. I am certified by the American Board of Medical Examiners, the American Board of Internal Medicine with a subspecialty in Hematology and the American Board of Pathology with a Diplomate in Blood Banking/ Transfusion Medicine  A true and correct copy of my curriculum vitae is attached hereto.

3.

I have reviewed copies of the following medical records in relation to the medical care and treatment received by Cassandra Marshall:

Medical Records:

A)   Phoebe Putney Memorial Hospital admission from 10/19/07 through 10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)   Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)   Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08.



EXHIBIT

E

Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall was admitted to Phoebe Putney Memorial Hospital through the emergency room under the care of attending physician Jyotir Mehta, M.D., with the chief complaint of back pain, leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis. On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78, respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula. She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and atelectasis. She is admitted under the care of Jyotir Mehta, M.D., (Critical Care / Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an order to type and crossmatch 4 units of packed red blood cells is written. On 3/10/08, John Thos Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for red cell exchange "today". On 3/11/08 at 08:45, Dr. Duelge spoke to the blood bank regarding the importance of the blood exchange and later that day at 16:30, the blood bank exchange team stated that they will not be able to transfuse on that day because the results were pending. Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra Marshall's medical condition deteriorated and she went into respiratory failure requiring intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32, an MRI of the brain showed an abnormal exam with an overall pattern most suspicious for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis catheter was placed for exchange transfusion and 6 units of red blood cells were started at 2 p.m. Cassandra Marshall was eventually extubated and transferred to Shepard's, a neurological rehabilitation facility for continued care and treatment.

4.

Through education, training and experience, I am familiar with the standards of care generally employed in the medical field of internal medicine and pathology, in management and evaluation of patients suffering sickle cell crisis.

5.

At the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of internal medicine and pathology for at least three of the last five years and was (and still am) knowledgeable about the evaluation, diagnosis, differential diagnosis, possible complications, and treatment, management and evaluation of patients with sickle cell crisis.

6.

Based upon my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Phoebe Putney Memorial Hospital Inc., deviated from the appropriate standards of medical care by failing to recognize the seriousness of Cassandra Marshall's clinical presentation and that her clinical presentation required an exchange transfusion to be performed no later than the morning of March 11th, 2008. Phoebe Putney Memorial Hospital failed to get this treatment to timely occur.

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that Phoebe Putney Memorial Hospital deviated from the appropriate standards of medical care.

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage.

9.

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology. Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein.

10.

This affidavit is given in conformance with O.C.G.A. §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case.

FURTHER AFFIANT SAYETH NOT

_Edward L. Snyder, M.D._ √/3/₁₀₀₉

Edward L. Snyder, M.D.

Sworn to and subscribed
Before me this the
_3rd_ day of _Feb_, 2009

_Janet R. Ciskowski_

NOTARY PUBLIC
My Commission Expires: _____



JANET R. CISKOWSKI
Notary Public
My Comm Expires Aug 31, 2013

STATE OF CONNETICUTT)
                    )
COUNTY OF NEW HAVEN)

<u>AFFIDAVIT OF EDWARD L. SNYDER, M.D.</u>

COMES NOW, EDWARD L. SNYDER, M.D., who after being duly sworn

before an officer authorized to administer oaths, deposes and states as follows:

1

I am over the age of 18 and give this Affidavit of my own personal knowledge.

2.

I am a physician licensed to practice medicine in the State of Connecticut and was

so licensed at the time at which the negligent acts or omissions described herein occurred.

I am certified by the American Board of Medical Examiners, the American Board of

Internal Medicine with a subspecialty in Hematology and the American Board of

Pathology with a Diplomate in Blood Banking/ Transfusion Medicine. A true and correct

copy of my curriculum vitae is attached hereto.

3

I have reviewed copies of the following medical records in relation to the medical

care and treatment received by Cassandra Marshall:

<u>Medical Records:</u>

A)    Phoebe Putney Memorial Hospital admission from 10/19/07 through
      10/29/07; (abstract) H&P, Consults, Laboratory and Blood Bank records;

B)    Colquitt Regional Medical Center from 3/7/08 through 3/8/08; and

C)    Phoebe Putney Memorial Hospital from 3/8/08 through 4/12/08

Additionally, it is my understanding that on March 8th 2008, Cassandra Marshall

was admitted to Phoebe Putney Memorial Hospital through the emergency room under

the care of attending physician Jyotir Mehta, M.D., with the chief complaint of back pain,


EXHIBIT
F

leg pain and pain all over, complicated by nausea and vomiting, due to sickle cell crisis

On exam Cassandra Marshall's temperature was 96.7, blood pressure 140/89, pulse 78,

respirations 20 and oxygen saturation was 95% on 2 liters of oxygen via nasal cannula

She was in a moderate amount of pain and was given intravenous Dilaudid. A CT scan of

the brain showed no intracranial hemorrhage and mucosal thickening of the ethmoid

sinuses. There was no acute CVA. A chest x-ray obtained showed bilateral infiltrates and

atelectasis. She was admitted under the care of Jyotir Mehta, M.D., (Critical Care /

Internal Medicine) and a hematology/ oncology consultation was ordered. On 3/9/08, an

order to type and crossmatch 4 units of packed red blood cells was written. On 3/10/08,

John Thomas Duelge, M.D., (Hematologist) examined Cassandra and wrote an order for

red cell exchange "today". The American Red Cross failed to timely deliver properly

crossmatched blood and Deborah McCarthy (Lab Director) failed to execute the red

blood cell exchange transfusion as ordered. On 3/11/08 at 08:45, Dr. Duelge spoke to the

blood bank regarding the importance of the blood exchange and later that day at 16:30,

the staff stated that they would not be able to transfuse on that day because the results

were pending. Jyotir Mehta, M.D., was notified as well as John Duelge, M.D. Cassandra

Marshall's medical condition deteriorated and she went into respiratory failure requiring

intubation. She then had a hemoglobin of 6.5 and hematocrit 18.4. On 3/11/08 at 13:32,

an MRI of the brain showed an abnormal exam with an overall pattern most suspicious

for changes related to areas of infarction. On 3/12/08, the day after the stroke, a dialysis

catheter was placed for exchange transfusion and 6 units of red blood cells were started at

14:00. Cassandra Marshall was eventually extubated and transferred to Shepard's, a

neurological rehabilitation facility for continued care and treatment

4

Through education, training and experience, I am familiar with the standards of care generally employed in the medical field of internal medicine and pathology, in management and evaluation of patients suffering sickle cell crisis and I am familiar with blood banking standards as it applies to receiving requisitions and blood in order to perform crossmatching services and to timely deliver the blood or blood products according to the urgency of the situation

5.

At the time at which the negligent acts and omissions described herein occurred, I had actual professional knowledge and experience in the medical field of internal medicine and pathology including blood banking for at least three of the last five years and was (and still am) knowledgeable about the evaluation, diagnosis, differential diagnosis, possible complications, and treatment, management and evaluation of patients with sickle cell crisis and actual blood banking experience with regard to timely processing and delivering blood and blood products

6.

Based upon my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that the American Red Cross did not timely crossmatch and process needed blood product, and failed to timely deliver needed blood products to the requesting Hospital and in so doing, the American Red Cross failed to conform to the appropriate standards of care in the processing of the orders to cross-match and obtain blood for needed transfusion on an emergency basis.

I know the standard of care to be exercised by a blood banking facility with regard to the cross-matching, processing, and delivery of needed blood product and in this case the time frame to complete these functions were too long or excessive

7.

Based on my review of the above-described medical records, it is my opinion, within a reasonable degree of medical probability that the American Red Cross deviated from the appropriate standards of medical care.

8.

As a result of these deviations from the usually accepted standard of medical care, Cassandra Marshall suffered a stroke, and resulting brain damage

9.

The opinions expressed herein are the product of reliable principles and methods developed as a result of my actual professional knowledge, experience, education and training in the field of internal medicine and pathology. Furthermore, I applied said principles and methods reliably to the facts of this case in reaching the opinions expressed herein.

10.

This affidavit is given in conformance with O.C.G.A §§ 9-11 -9.1 and 24-9-67.1 and is not dispositive of all of my opinions relative to this case.

FURTHER AFFIANT SAYETH NOT.

Edward L. Snyder, M.D.

Sworn to and subscribed
Before me this the
28th day of July, 2009

NOTARY PUBLIC
My Commission Expires: 8/31/13



JANET R CISKOWSKI
Notary Public
My Comm Expires Aug 31, 2013

## <u>MEDICAL AUTHORIZATION PURSUANT TO O.C.G.A. § 9-11-9.2</u>

COMES NOW Plaintiffs in the above-styled action and pursuant to O.C.G.A § 9-11-9.2, files contemporaneously with the Complaint the following Authorization:

I, CASSANDRA MARSHALL, hereby authorize the attorney(s) representing Jyotir Mehta, M.D., Lung Diagnostics LLC, Deborah Z. McCarthy, Mark N. Burns, M.D., Southwest Georgia Pathology, Southern Healthcare Management, Inc., John Thomas Duelge, M.D., Phoebe Cancer Center, Palmyra Medical Center, Phoebe Putney Memorial Hospital, Inc., and American Red Cross, Southeast Division, to obtain and disclose protected health information contained in medical records to facilitate the investigation, evaluation, and defense of the claims and allegations set forth in the Complaint which pertain to Cassandra Marshall. This authorization includes said defense attorney's right to discuss the care and treatment of Cassandra Marshall with all of Cassandra Marshall's treating physicians when at least one of the patient's attorneys is present at these discussions. <u>This authorization does not provide for the release of protected health information that is considered privileged.</u>

I request that you notify the patient's attorneys in the event you provide my protected health information to anyone. I also request that you notify my attorney of any request by defense counsel for you to meet with defense counsel to discuss my protected health information and further request that **no meeting or any type of communication or discussion with defense counsel take place unless at least one of the patient's attorneys is present**.

Please be advised that I have signed this authorization in order to comply with O.C.G.A. § 9-11-9.2 but I DO NOT WAIVE my rights under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its implementing regulations. By signing this authorization, I am not waiving and expressly reserve any and all objections I may have to O.C.G.A. § 9-11-9.2 to the extent that this Georgia law is in violation of or preempted by HIPAA. See 45 C.F.R. § 160.203.



Defendants' attorney(s) are not permitted to use this authorization and you are not permitted to disclose my protected health information to Defendants' attorney(s), unless Defendants' attorney's request for my protected health information complied with 45 C.F.R. § 164.512(e).

This authorization shall expire six (6) months from the date of its execution.

This 13th day of September, 2009

_Cassandra Marshall_
CASSANDRA MARSHALL